1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13

| | |
|---|---|
| LEON M. SEYMOUR,<br><br>   Petitioner,<br><br> vs.<br><br>STEPHEN MAYBERG, Warden,<br><br>   Respondent. | No. C 03-1778 JSW (PR)<br><br>**ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS** |

14

## INTRODUCTION

15
16
17
18
19
20
21
22

   Petitioner, a former state prisoner who has been civilly committed under the Sexually Violent Predator's Act ("SVPA"), has filed a *pro se* petition for a writ of habeas corpus case pursuant to 28 U.S.C. § 2254.  The Court ordered Respondent to show cause why the writ should not be granted.  Respondent has filed an answer and a memorandum of points and authorities in support thereof, and has lodged exhibits with the court.  Petitioner has filed a traverse to Respondent's answer.  The matter is submitted.  After a review of the claims raised in the petition on the merits, Petitioner's application for a writ of habeas corpus is DENIED.

23

## PROCEDURAL BACKGROUND

24
25
26

   Leon M. Seymour has filed this habeas petition to challenge a judgment rendered on January 31, 2002, finding him to be a sexually violent predator ("SVP") under the SVPA, as defined by California Welfare and Institutions Code § 6600 et. seq., and committing him to the

27
28

custody of the Director of Mental Health for the State of California for two years.[1]

After a jury trial, Petitioner was found to be a SVP and the trial court ordered him civilly committed.  The California Court of Appeal, First Appellate District, affirmed the trial court's order of civil commitment.  Petitioner subsequently filed a habeas petition in San Mateo County Superior Court alleging the claims raised herein, which was denied on July 23, 2002.  The California Supreme Court denied a subsequent petition filed there on procedural grounds.  *In Re Seymour*, No. S109094 slip op. (Cal.) (Petitioner's Exh. D).  The instant petition was filed on April 23, 2003.

## **LEGAL STANDARD**

### **I.      Standard of Review of State Court Decisions**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, it falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

---

[1]  This case is not moot because it is capable of repetition yet evading review.  *See Hubbart v. Knapp*, 379 F.3d 773, 777 (9th Cir. 2004).

indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *Miller-El*, 123 S. Ct. at 1041. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.* Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 123 S. Ct. at 1041; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

In deciding whether a state court's decision is contrary to, or an reasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000).

## II.    Civil Commitment

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public

health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997).  The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted.  *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965).

Commitment to a mental hospital produces a massive curtailment of liberty and consequently requires due process protection.  *See Vitek v. Jones*, 445 U.S. 480, 491-92 (1980).  This is true even where the petitioner is already a prisoner in custody of the state or federal government.  *See id.* at 493-94.  Because a commitment hearing is a civil matter, the constitutional rights to which a defendant in a criminal trial is entitled do not adhere to a respondent in a commitment hearing.  *See United States v. Budell*, 187 F.3d 1137, 1141 (9th Cir. 1999).  Nonetheless, the Supreme Court has held that procedural due process guarantees certain protections to those individuals facing civil commitment. *See Vitek*, 445 U.S. at 491-94.

The Supreme Court has upheld involuntary commitment statutes in the sex offender context, when "(1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a mental illness or mental abnormality." *Kansas v. Crane*, 534 U.S. 407, 409-10 (2002) (internal quotation marks and ellipsis omitted).  The legal definitions of "mental illness" or "mental abnormality" used in a civil commitment statute need not mirror those advanced by the medical profession.  *See id.*; *Hendricks*, 521 U.S. at 359.

The Supreme Court has held that under *Hendricks* there is no requirement of "*total* or *complete* lack of control," but nevertheless "there must be proof of serious difficulty in controlling behavior . . . [in order] to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Crane*, 534 U.S. at  411-13 (emphasis in original).  The Court has so far not

4

distinguished between impairments that are "volitional" ("'an [in]ability to control . . . behavior'") and "emotional" (a "'defective understanding or appreciation . . . of behavior'"), or decided whether confinement based solely on the latter (emotional) abnormality would be constitutional. *Id.* at 870-71 (quoting American Psychiatric Association Statement on the Insanity Defense, 140 Am. J. Psychiatry 681, 685 (1983)).

California's Sexually Violent Predator Act ("SVPA") is codified at California Welfare & Institutions Code §§ 6600-6609.3. A judgment committing an individual under the SVPA is subject to review under the AEDPA standards in 28 U.S.C. § 2254(d). *See Carty v. Nelson*, 426 F.3d 1064, 1072-73 (9th Cir.), *amended*, 431 F.3d 1185 (9th Cir. 2005).

Since the filing of the instant petition, the Ninth Circuit has issued several decisions regarding constitutional challenges to civil commitments under California's SVPA. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *Rose v. Mayberg*, 454 F.3d 958 (9th Cir. 2006) (rejecting claim of instructional error under AEDPA). The Ninth Circuit has held that allowing civil commitment pursuant to California's Sexually Violent Predator Act ("SVPA"), not based on the offender's complete inability to control his behavior, but rather based on a "mental disorder" that "affected his emotional or volitional capacity" and "predisposes" him to commit further sexual crimes, is an objectively reasonable application of *Crane* and *Hendricks*. *Rose*, 454 F.3d at 963.

The SVPA was upheld against a due process challenge in *Hubbart*, 379 F.3d at 780. The Ninth Circuit considered the SVPA's procedural safeguards, which include requirements that the accused receive diagnoses from two psychiatrists or psychologists, assistance of counsel, and a trial by jury on proof beyond a reasonable doubt. *Id.* at 781. The Ninth Circuit has determined that the SVPA is similar in relevant respects to Kansas's civil commitment statute upheld in *Hendricks*, 521 U.S. 346 (1997). *Hubbart*, 379 F.3d at 781.

5

**DISCUSSION**

On August 6, 2003, this Court issued an order to show cause regarding Petitioner's claims that he was entitled to habeas relief on the grounds that: (1) he could not be civilly committed based upon evidence of a mental disorder established by his prior criminal conduct for which he had previously been found criminally responsible; and, (2) counsel on Petitioner's underlying criminal cases was ineffective for failing to challenge Petitioner's criminal liability for the underlying sex crimes based on the mental disorder he has been found to have in the SVPA hearing.

In response to this Court's order, Respondent asserts that Petitioner's claim that counsel on his underlying criminal convictions was ineffective cannot be granted because it is an improper and untimely challenge to Petitioner's prior convictions.  Respondent also argues that Petitioner's other claim fails to state a federal claim for relief. Respondent further argues that Petitioner's commitment does not violate the federal Constitution; that Petitioner's civil commitment and his underlying criminal convictions are not inconsistent; and that the civil commitment under the SVPA was supported by substantial evidence.

I.  **Petitioner's Claim of Ineffective Assistance of Counsel on his Prior Convictions is Barred**

In this case, Petitioner seeks to challenge the ineffective assistance of counsel he received on the multiple underlying sex offense convictions that were used as evidence against him in civil commitment hearing under the SVPA.  Petitioner argues that because he was  adjudged a sexually violent predator in 2002 based in part on his criminal convictions, counsel on those cases (that predated the SVP determination by as much as thirty years), should have raised either an insanity defense at trial or evidence of his mental disorder in mitigation at sentencing.

As Respondent notes, however, the Supreme Court has strictly limited the circumstances under which Petitioner may challenge the collateral consequences of a

prior conviction through a habeas petition.  The Supreme Court has held that a petitioner

generally may not attack the constitutionality of a prior conviction used to enhance a

later sentence,

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citation

omitted); *see also United States v. Martinez-Martinez*, 295 F.3d 1041, 1043-44 (9th Cir.

2002) (bar against collateral attacks on prior convictions also applies where sentencing

court declined to reduce sentence based on circumstances of prior conviction).  The only

exception to the rule barring challenges to prior convictions used to enhance current

sentences is that a petitioner may challenge a prior conviction on the ground that there

was a complete failure to appoint counsel in that case in violation of the Sixth

Amendment.  *Coss*, 532 U.S. at 404.

While *Coss* involved a constitutional challenge to a prior conviction used as a

basis for a sentencing enhancement on a later conviction, rather than as evidence in a

civil commitment proceeding, its reasoning is applicable here.  Petitioner has not alleged

a Sixth Amendment violation involving the complete denial of counsel under *Gideon v.

Wainright,* 372 U.S. 335 (1963).  Instead, Petitioner challenges counsel's ineffectiveness

in failing to raise an insanity defense and to use evidence of a mental disorder in

mitigation.[2]  In *Coss,* the Court based its determination largely on the need for finality

---

[2]While this Court does not address Petitioner's ineffective assistance claim on the merits, the petition also fails to include any evidence establishing that counsel should have known that Petitioner suffered from a mental disorder in the 1970s, or that such a mental disorder would have established that Petitioner was thereby rendered not criminally responsible for the crimes.  As such, Petitioner has also failed to establish

and the difficulties inherent in administration of constitutional challenges to criminal convictions from many years in the past. *Coss,* 532 U.S. at 402-03. The difficulties inherent in such a challenge are especially noteworthy here, where Petitioner alleges that counsel was ineffective for failing to pursue defenses based on his mental condition many years ago. As such, this Court finds that Petitioner's challenge to the convictions underlying his civil commitment on the basis of ineffective assistance of counsel is barred under *Coss* and this Court lacks jurisdiction to consider the claim.

**II.     Civil Commitment for Mental Disorder does not Violate Due Process**

Respondent next argues that Petitioner's claims don't present a federal claim for relief. However, this Court has construed Petitioner's claim as a due process challenge to his civil commitment. The Supreme Court has repeatedly found that civil commitment proceedings under a statute such as the SVPA must comport with due process. *Hendricks*, 521 U.S. at 357.

Petitioner argues that because he was found criminally responsible for the prior crimes which were used to establish his status as a SVP, they should not be used as evidence in the commitment proceeding under the SVPA. Petitioner's argument seems to be that he cannot be found to possess a mental disorder and also to have had the requisite mental culpability to have committed the crimes. However, this assertion is simply a misunderstanding of the law.

First of all, while there is certainly a relationship between an individual's suffering from a mental disorder "that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior(,)" Cal.

---

either deficient performance or prejudice under either prong of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 686 (1984). *See Toomey v. Bunnell*, 898 F.2d 741, 743 (9th Cir.), *cert. denied*, 498 U.S. 960 (1990); *see also Rios v. Rocha*, 299 F.3d 796, 813 n.23 (9th Cir. 2002) (rejecting two ineffective assistance of counsel claims based on petitioner's failure to produce evidence of prejudice).

Welf. & Inst. Code § 6600(a)(1), and their prior sex crimes, the statute does not require that a person have suffered from the mental disorder at the time they committed the underlying crimes.  In other words, a person may be subject to civil commitment under the statute as long as the evidence at the hearing establishes that they *currently* suffered from a mental disorder rendering them a danger.

In order to civilly commit an individual under the SVPA, proof is required that the individual has a diagnosed mental disorder that makes it likely that they will endanger others in the future by engaging in sexually violent criminal behavior.  *Id.*  It is not only possible, but likely that an individual's mental state at the time of commitment would differ greatly from at the time of his criminal convictions when these events are separated by lengthy time periods, such as the thirty years occurring here.  However, neither the statute, nor due process, requires otherwise.

Respondent argues that Petitioner is essentially raising a claim of inconsistent verdicts and cites *United States v. Powell*, 469 U.S. 57 (1984) for the proposition that jury verdicts are generally insulated from review on this ground.  However, because that doctrine is applicable to circumstances where an individual suffers inconsistent *criminal* verdicts, rather than different outcomes from these vastly different statutory schemes, the Court finds that no inconsistent verdict claim lies.

Petitioner appears instead to be arguing that because he was found criminally responsible for his sex crimes, that his civil commitment violates *Crane*, because he is the "dangerous but typical recidivist convicted in the ordinary criminal case," 534 U.S. at 413, rather than the "dangerous sexual offender" subject to civil commitment.[3]  However, Petitioner's argument then is with the jury's finding that he was a dangerous sexual

---

[3] Through his repeated argument, it appears that Petitioner believes that if he committed the offense "willfully," they were not a result of the mental disorder from which he suffers.  However, Petitioner apparently misunderstands the different roles of evidence of mental state in a criminal prosecution and a civil commitment.

offender, rather than a typical recidivist, rendering him subject to civil commitment under the statute. Petitioner has not identified anything constitutionally deficient about the civil commitment proceedings or the jury's finding.

While Respondent asserts that Petitioner's commitment was supported by sufficient evidence, it does not appear that Petitioner takes issue with the amount of evidence supporting the commitment. Although he makes an unsupported assertion that both doctors who testified at his commitment hearing fraudulently omitted "the element, willfully" from their evaluation, *see* Petition at 7-13, that argument seems to derive from Petitioner's misunderstanding of the vastly different roles that insanity and mental disorders play in criminal and civil commitment proceedings. As Respondent points out, a person can suffer from a mental disorder that may potentially subject them to civil commitment under the SVPA and still "willfully" commit crimes. Answer at 10-11.

It appears that Petitioner argues that the Constitution is violated by his subjection to a civil commitment based on criminal convictions for which he was not found insane. However, as Respondent points out, Petitioner does not identify under what constitutional provision his claim lies. Because the civil commitment statute does not establish criminal proceedings, the Double Jeopardy or Ex Post Facto Clauses are not violated. *See Hendricks*, 521 U.S. at 359-69; *Seling v. Young*, 531 U.S. 250, 267-68 (2001).

In general, the states are entitled to define the elements of its criminal statutes, including those relating to an insanity defense, as the state sees fit. Due process does not require that a state provide a certain insanity defense, or for that matter, provide such a defense to those suffering from mental disorders who may subject them to civil commitment in the future. As the Supreme Court recently noted in *Clark v. Arizona*, 126 S.Ct. 2709, 2722 (2006), "it is clear that no particular formulation [of the insanity defense] has evolved into a baseline for due process, and that the insanity rule, like the

conceptualization of criminal offenses, is substantially open to state choice[.]" This Court finds no constitutional error in the State's failure to provide an insanity defense to those afflicted with mental disorders which may subject them to civil commitment in the future if they present a danger to others.

Respondent argues that Petitioner's commitment comports with due process, in that it was supported by substantial evidence, including the testimony of two doctors who had examined Petitioner and his own statements that he would likely get into trouble again if he was released.  Answer at 11 (citations omitted).  Other than Petitioner's arguments that the doctors who testified at his SVPA hearing were falsely refusing to consider that Petitioner was found criminally responsible for the crimes which were used to support the evidence of his status as a sexually violent predator, Petitioner raises no challenge to the sufficiency of the evidence offered against him at the hearing.

Moreover, the Ninth Circuit has already found that the statutory scheme set forth in the SVPA comports with due process as set forth in *Hendricks* and *Crane*.  *Rose*, 454 F.3d  at 963; *Hubbart*, 379 F.3d at 781.  Petitioner has not established that his civil commitment under the SVPA based on criminal convictions for which he was found criminally responsible was contrary to, or an unreasonable application of, clearly established Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.  The clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: September 29, 2006

_____
JEFFREY S. WHITE
United States District Judge

11